# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PENNSYLVANIA SERVICES CORPORATION,  )
trading as EMERALD COAL RESOURCES,        )
LP, and PENNSYLVANIA LAND HOLDINGS   )
COMPANY, LLC,                                              )
                                                )
          Plaintiffs,                                     )
                                                )     2:  11-cv-01076
          v.                                                     )
                                                )
TEXAS EASTERN TRANSMISSION, LP,          )
                                                )
          Defendant.                                     )

## MEMORANDUM ORDER OF COURT

Presently before the Court for disposition is PLAINTIFFS' MOTION TO REMAND

AND MEMORANDUM IN SUPPORT (Document Nos. 8 and 9), DEFENDANT'S BRIEF IN

OPPOSITION TO MOTION TO REMAND (Document No. 11), and PLAINTIFFS' REPLY

MEMORANDUM IN SUPPORT OF THEIR MOTION TO REMAND (Document No. 12).

Plaintiffs operate an underground coal mine in Greene County, Pennsylvania.  Defendant

operates interstate natural-gas transmission pipelines that run along the ground surface above

Plaintiffs' mine.  Plaintiffs allege that Defendant's pipelines, as they exist above the "D District"

of the mine, are lacking in "appropriate subsidence mitigation measures" which prevents

Plaintiff from mining coal in the D District that lies beneath the pipelines.  On July 14, 2011,

Plaintiffs filed a five-count Complaint in the Court of Common Pleas of Greene County,

Pennsylvania, against Defendant based entirely on Pennsylvania property and tort law.

On August 19, 2011, Defendant removed the case to this Court on the ground that the

"complete preemption doctrine" confers federal-question jurisdiction.  According to Defendant,

two federal statutes completely preempt Plaintiffs' claims -- the Natural Gas Pipeline Safety Act,

49 U.S.C. § 60101, *et seq.*, (the "PSA") and the Natural Gas Act, 15 U.S.C. § 717, *et seq.* (the

"NGA").  On September 16, 2011, Plaintiffs filed the instant Motion to Remand in which they

argue that removal was improper because there is no diversity of citizenship and Plaintiffs'

Complaint raises no federal question.   After careful consideration of the filings of the parties,

case law, and the two federal statutes at issue, the Court agrees that a remand is proper.

The purpose of the PSA is "to provide adequate protection against risks to life and

property posed by pipeline transportation and pipeline facilities by improving the regulatory and

enforcement authority of the Secretary of Transportation."  49 U.S.C. § 60102(a)(1).  To achieve

this purpose, Congress instructed the Secretary of Transportation to "prescribe minimum safety

standards for pipeline transportation and for pipeline facilities."  49 U.S.C. § 60102(a)(2).

As Plaintiffs correctly argue, the PSA does not supplant state real property law.  *See* 49

U.S.C. § 60121(d) ("this section does not restrict a right to relief that a person . . . may have

under another law or at common law.")  Further, torts are expressly exempted from the

preemptive reach of the PSA.  49 U.S.C. § 60120(c) ("This chapter does not affect the tort

liability of any person.")

The Natural Gas Act, 15 U.S.C. § 717, *et seq.*, regulates "natural-gas companies," and its

purpose is to regulate natural gas transported and sold in interstate commerce.  15 U.S.C. §

717(a) and (b).

Distilled to its essence, the dispute before the Court is whether Plaintiffs' claims under

Pennsylvania property and tort common law are related to pipeline safety, and in turn, preempted

by the PSA and/or NGA.  The Court agrees with Plaintiffs that no state safety standard for

interstate pipelines is at issue in this case. Defendant Texas Eastern has not shown that (i)

Congress intended to preempt the Pennsylvania laws at issue in this case, (ii) there is a conflict

2

between Pennsylvania law and the PSA such that compliance with both is impossible or would prevent the accomplishment of congressional objectives, or (iii) that Congress legislated comprehensively to occupy an entire field of regulations, leaving no room for the Pennsylvania laws at issue.   Therefore, the Motion to Remand will be granted.

Plaintiffs also request that an award of its costs be entered in its favor.  Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  The decision whether to award fees and costs, however, lies firmly within the sound discretion of the court.  *See Siebert v. Norwest Bank Mn.*, 166 Fed. Appx. 603, 606-07 (3d Cir. 2006) (noting that "[Section] 1447(c) grants district courts broad discretion in determining whether to award fees following a remand").  The Supreme Court of the United States has stated that "courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."  *Martin v. Franklin Capital Group Corp.*, 546 U.S. 132, 141 (2005).  Although the Court finds that Plaintiffs' claims are not preempted by either the PSA or NGA, the Court does not find that Defendant lacked any objectively reasonable basis for removal.  Therefore, the Court will deny Plaintiffs' request for award of costs.

**AND NOW**, this 12th day of October, 2011, it is hereby **ORDERED, ADJUDGED AND DECREED** as follows:

1.      The Motion to Remand is **GRANTED** and this case is **REMANDED FORTHWITH** to the Court of Common Pleas of Greene County, Pennsylvania;

2.      Plaintiffs' request for costs under 28 U.S.C. § 1447(c) is **DENIED**;

3.      The Motion to Dismiss filed by Defendant is **DENIED AS MOOT**;

4.      The Clerk of Court is directed to mark this case closed.


                                        BY THE COURT:

                                        s/ Terrence F. McVerry
                                        United States District Court Judge



cc:     John E. Jevicky, Esquire
        Dinsmore & Shohl
        Email: john.jevicky@dinslaw.com

        David R. Overstreet, Esquire
        K&L Gates LLP
        Email: david.overstreet@klgates.com